PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2006

at \_\_ o'clock and \_\_ min. \_\_ M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: RODDY MASAO TANAKA,    Case Number:  CR 03-00098SOM-01
aka Rodney Masao Tanaka

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  9/22/2003

Original Offense:    Count 1:  Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Thirty-seven (37) months imprisonment followed by three (3) years supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 4) That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200.00 to American Savings Bank immediately and any remaining balance on an installment basis at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office.  Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Type of Supervision: Supervised Release   Date Supervision Commenced:  11/25/2005

### PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition**:   That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of

supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

The offender's term of supervised release commenced on 11/25/2005.

On 12/29/2005, a Report on Offender Under Supervision (Probation Form 12A) informed the Court that the offender's 11/28/2005 urine specimen tested positive for methamphetamine. The Court agreed not to take action against the offender given that he admitted that he had used methamphetamine on 11/25/2005, and immediately commenced participation in substance abuse treatment.

Since then, the offender had violated his supervision as follows.

On 2/21/2006, Hina Mauka - Waipahu (HM-W) informed this officer that the offender's 2/19/2006 urine specimen tested positive for methamphetamine and amphetamine with a non-instrumented drug testing device (NIDTD) kit. Because positive results with the NIDTD kits are considered "presumptive positive results," urine specimens are sent to Scientific Testing Laboratories, Inc. (STLI), for confirmation. The offender's urine specimen was then sent to STLI for confirmation.

On 3/1/2006, STLI confirmed the offender's 2/19/2006 urine specimen was positive for methamphetamine and amphetamine.

On 3/7/2006, this officer conducted a home inspection of the offender's residence. Thereafter, this officer questioned the offender regarding the 2/19/2006 positive urine specimen. The offender admitted that he had "smoked ice," but believed he smoked on 2/19/2006 and provided a urine specimen on 2/20/2006. Regardless, the offender apologized for his actions and related that he purchased the drug from people at the beach on the Leeward Coast and smoked it alone on 2/19/2006. He could not recall why he felt he needed to use the drug, but indicated that he wanted to continue with drug treatment. In this regard, the offender related that he completed 12 weeks of group counseling and had recently started individual counseling at HM-W. The offender further reported that in mid-February 2006, he commenced employment at a cabinetry business.

Prob 12B
(7/93)

3

    This officer informed the offender that he was in violation of his supervision for possessing an illicit substance in that he consumed methamphetamine. This officer further informed the offender that the Court would be notified of his violation. The offender was warned that continued use of methamphetamine would result in adverse action, including revocation of supervised release.

    Currently, the offender continues to attend drug treatment and drug testing at HM-W. In light of his recent employment, the offender will commence paying restitution on a monthly basis. Additionally, in light of the most recent violation, the offender will be required to submit to the most intensive drug testing regimen as a correctional and rehabilitative measure. As such, it is respectfully recommended that the Court take no action on the violation at this time. However, should the offender continue to test positive for illicit drugs and/or fail to participate in drug treatment or testing, the Court will be immediately notified.

    Further, in support of the recommended modification, this officer notes that since his release on supervision on 11/25/2005, the offender immediately returned to illicit drug use and this recent violation represents his second admission of drug use within 4 months. Given the offender's current situation and his history of substance abuse, the recommended modification will allow this officer to address the offender's risk to the community and his continued rehabilitation efforts.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modification and have no objections.

    Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/24/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[ ]  Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

3/28/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[✓]    To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
RODDY M. TANAKA
Supervised Releasee

3/17/06
Date