ORIGINAL

# SEALED BY ORDER OF THE COURT

## United States District Court

Prob 12C
(Rev. 3/95 D/HI)

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 3 1 2007

at o'clock and 45 min. P. M. J
SUE BEITIA, CLERK

U.S.A. vs. <u>RODDY MASAO TANAKA, aka Rodney Masao Tanaka</u> Docket No. <u>CR 03-00098SOM-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Roddy Masao Tanaka, in Criminal No. CR 03-00098SOM-01, who was placed on supervision by U.S. District Judge Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 22nd day of September, 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200.00 to American Savings Bank immediately and any remaining balance on an installment basis at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office. Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

On 3/29/2006, the Court modified the conditions of supervision as follows:

General Condition:     That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.



SEALED
BY ORDER OF THE COURT

Special Condition No. 1:     That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 1/17/2007, the offender's original term of supervised release was revoked for violations which included: 1) positive drug test for methamphetamine on 11/28/2005 and positive drug tests for methamphetamine and amphetamine on 2/19/2006, 6/6/2006, and 9/12/2006; 2) refusal to submit to drug testing on 3/31/2006, 5/2/2006, 5/15/2006, 6/2/2006, 6/29/2006, and 8/14/2006; and 3) failure to make restitution payments from April 2006 to August 2006. The offender was sentenced to 6 months imprisonment followed by 30 months of supervised release with the following special conditions: 1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 3) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 4) That the defendant shall submit to an automatic payroll deduction plan through his employer for purposes of paying his outstanding monetary assessment and/or restitution; and 5) That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200.00 to American Savings Bank immediately and any remaining balance on an installment basis at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office. Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

On 6/22/2007, the offender's second term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his supervised release (Probation Forms 7A and 12B and Judgment are attached) as follows:

1.     The offender refused to submit to drug testing as part of substance abuse treatment on 7/12/2007 and 7/24/2007, in violation of Special Condition No. 1.

2.     The offender's 7/9/2007 urine specimen submitted as a part of substance abuse treatment tested positive for methamphetamine, in violation of Special Condition No. 1 and Standard Condition No. 7.

Prob 12C
(Rev. 3/95 D/HI)

3.    The offender admitted that he consumed alcohol on 7/8/2007, in violation of Special Condition No. 1.

4.    The offender admitted that he used methamphetamine on 7/24/2007, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/30/2007

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 30th day of July, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **TANAKA, Roddy Masao, aka Rodney Masao Tanaka**
       **Criminal No. CR 03-00098SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As the Court may recall, on 9/22/2003, the offender was sentenced to 37 months imprisonment after being convicted of Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony. The offender was also sentenced to 3 years supervised release with special conditions and restitution of $6,351.02. Subsequently, on 1/17/2007, the offender's supervised release was revoked for violations which included the submission of four urine specimens which tested positive for methamphetamine/amphetamine, refusal to submit to drug testing on six occasions, and failure to make restitution payments in five consecutive months. The offender was sentenced to 6 months imprisonment followed by 30 months of supervised release.

The offender's second term of supervised release commenced on 6/22/2007. Since then, the offender has committed the following violations of supervised release.

**Violation No. 1 - Refusal to Submit to Drug Testing as Part of Substance Abuse Treatment on 7/12/2007 and 7/24/2007:**

On 6/22/2007, the offender reported to the Probation Office and was oriented to the supervision conditions for supervision. At that time, the offender was informed that he would be required to participate in substance abuse treatment and testing at Hina Mauka - Waipahu (HM-W). The offender was further informed that if he failed to report or participate in substance abuse treatment or testing, his failure to report or participate would constitute a refusal to submit to drug testing and/or refusal to participate in drug treatment.

On 7/13/2007, HM-W informed this officer that the offender failed to report for drug testing on 7/12/2007. On that same date, this officer was unable to telephonically contact the offender.

On 7/25/2007, HM-W informed this officer that the offender failed to report for drug testing on 7/24/2007. On that same date, this officer telephonically questioned the offender regarding his failure to submit to drug testing at HM-W on 7/24/2007. The offender reported that he "forgot."

Consequently, the offender's failure to report for drug testing as a part of substance abuse treatment on 7/12/2007 and 7/24/2007 constitute a refusal to submit to drug testing.

Re:    **TANAKA, Roddy Masao, aka Rodney Masao Tanaka**
       **Criminal No. CR 03-00098SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

## Violation No. 2 - Submission of 7/9/2007 Urine Specimen as Part of Substance Abuse Treatment Tested Positive for Methamphetamine; and Violation No. 3 - Admission of Alcohol Use on 7/8/2007:

On 7/10/2007, HM-W informed this officer that the offender's 7/9/2007 urine specimen submitted as part of substance abuse treatment tested positive for methamphetamine. Because specimens are tested with non-instrumented drug testing devices (NIDTDs), positive tests are considered "presumptive positive" and sent to Scientific Testing Laboratories, Inc. (STLI), for confirmation testing.

On 7/17/2007, STLI confirmed that the offender's 7/9/2007 urine specimen was positive for methamphetamine.

On 7/23/2007, the offender reported to the Probation Office as instructed. When questioned regarding the positive test result, the offender admitted that he had consumed alcohol and used methamphetamine on the evening of 7/8/2007. Specifically, the offender reported that he went to the beach near his residence during the evening of 7/8/2007 to celebrate his birthday. While at the beach, he met with acquaintances from the area and consumed approximately three beers before subsequently using methamphetamine provided by someone within the group. Thereafter, on 7/9/2007, he reported for drug testing at HM-W and provided a positive drug test.

Upon further questioning, the offender admitted that he knew he was not allowed to consume any alcohol because he was in substance abuse treatment. He further admitted that he knew he was not allowed to use illicit drugs. Subsequently, this officer advised the offender that he was in violation of his supervision for consuming alcohol in violation of his substance abuse treatment program, and in violation of his supervision for using methamphetamine in violation of the substance abuse treatment program and the condition to not possess or use illicit drugs. This officer advised the offender that his violations would be reported to the Court and that he was quickly jeopardizing his chances of remaining in the community. Thereafter, this officer instructed the offender to continue with drug treatment and drug testing at HM-W until further notice.

## Violation No. 4 - Admission of Methamphetamine Use on 7/24/2007:

On 7/25/2007, the offender reported to the Probation Office and submitted a urine specimen pursuant to the Violent Crimes Control Act (General Condition). The urine specimen was then tested with the non-instrumented drug testing device (NIDTD)

Re:   **TANAKA, Roddy Masao, aka Rodney Masao Tanaka**
      **Criminal No. CR 03-00098SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

- MCC kit.  Subsequently, the test result was presumptive positive for methamphetamine and sent to STLI for confirmation.  Said STLI confirmation has not yet been received.

        Thereafter, this officer questioned the offender regarding the drug test result.  The offender admitted that he used methamphetamine the evening of 7/24/2007.  Specifically, the offender reported that after his individual counseling session at HM-W, he met "some of the boys" from HM-W at an adjacent diner and received a "paper" of methamphetamine.  He subsequently returned to Waianae and went to the beach to smoke the "paper" he identified as "ice."  This officer advised the offender that he was in violation of his supervision for using methamphetamine on 7/24/2007.

        In considering the repetitive and serious nature of the offender's noncompliant behavior, it is apparent that he is not amenable to supervision and did not learn from his previous violations which resulted in his original revocation.  Specifically, the offender reverted to illicit drug use in less than 3 weeks after having been released on supervision, and it appears that he is unable or refuses to, maintain his sobriety.  Moreover, the offender's conduct suggests that he not only poses a danger to himself, but also to the community given his offense of conviction.

                                        Respectfully submitted by,

                                        DEREK M. KIM
                                        Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

DMK/pts

Re:  **TANAKA, Roddy Masao, aka Rodney Masao Tanaka**
     **Criminal No. CR 03-00098SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:        Roddy Masao Tanaka                          Docket No.  CR 03-00098SOM-01
Address:   350 Sumner Street
           Honolulu, Hawaii  96813


Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (11/25/05).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.


**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1)    *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(2)    *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          11/28/05
                RODDY MASAO TANAKA                        Date
                      Defendant

_____          11/28/05
                DEREK M. KIM                                  Date
        Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    TANAKA, Roddy Masao
       Docket No. CR 03-00098SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)    *That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.*

(4)    *That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200 to the American Savings Bank immediately and any remaining balance on an installment basis at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office. Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    11/28/05
              RODDY MASAO TANAKA              Date
                   Defendant

         _____    11/29/05
              DEREK M. KIM                    Date
         Senior U.S. Probation Officer

PROB. 12B
(7/93)

# United States District Court

## for the

### DISTRICT OF HAWAII

RECEIVED
U.S. PROBATION OFFICE
HONOLULU

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2006

at 11 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

'06 MAR 29 11 02

Name of Offender: RODDY MASAO TANAKA,      Case Number:  CR 03-00098SOM-01
aka Rodney Masao Tanaka

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 9/22/2003

Original Offense:   <u>Count 1</u>:  Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Thirty-seven (37) months imprisonment followed by three (3) years supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 4) That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200.00 to American Savings Bank immediately and any remaining balance on an installment basis at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office.  Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

<u>Type of Supervision: Supervised Release   Date Supervision Commenced: 11/25/2005</u>

### PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition:**     That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of

Prob 12B
(7/93)

2

supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

The offender's term of supervised release commenced on 11/25/2005.

On 12/29/2005, a Report on Offender Under Supervision (Probation Form 12A) informed the Court that the offender's 11/28/2005 urine specimen tested positive for methamphetamine. The Court agreed not to take action against the offender given that he admitted that he had used methamphetamine on 11/25/2005, and immediately commenced participation in substance abuse treatment.

Since then, the offender had violated his supervision as follows.

On 2/21/2006, Hina Mauka - Waipahu (HM-W) informed this officer that the offender's 2/19/2006 urine specimen tested positive for methamphetamine and amphetamine with a non-instrumented drug testing device (NIDTD) kit. Because positive results with the NIDTD kits are considered "presumptive positive results," urine specimens are sent to Scientific Testing Laboratories, Inc. (STLI), for confirmation. The offender's urine specimen was then sent to STLI for confirmation.

On 3/1/2006, STLI confirmed the offender's 2/19/2006 urine specimen was positive for methamphetamine and amphetamine.

On 3/7/2006, this officer conducted a home inspection of the offender's residence. Thereafter, this officer questioned the offender regarding the 2/19/2006 positive urine specimen. The offender admitted that he had "smoked ice," but believed he smoked on 2/19/2006 and provided a urine specimen on 2/20/2006. Regardless, the offender apologized for his actions and related that he purchased the drug from people at the beach on the Leeward Coast and smoked it alone on 2/19/2006. He could not recall why he felt he needed to use the drug, but indicated that he wanted to continue with drug treatment. In this regard, the offender related that he completed 12 weeks of group counseling and had recently started individual counseling at HM-W. The offender further reported that in mid-February 2006, he commenced employment at a cabinetry business.

This officer informed the offender that he was in violation of his supervision for possessing an illicit substance in that he consumed methamphetamine. This officer further informed the offender that the Court would be notified of his violation. The offender was warned that continued use of methamphetamine would result in adverse action, including revocation of supervised release.

Currently, the offender continues to attend drug treatment and drug testing at HM-W. In light of his recent employment, the offender will commence paying restitution on a monthly basis. Additionally, in light of the most recent violation, the offender will be required to submit to the most intensive drug testing regimen as a correctional and rehabilitative measure. As such, it is respectfully recommended that the Court take no action on the violation at this time. However, should the offender continue to test positive for illicit drugs and/or fail to participate in drug treatment or testing, the Court will be immediately notified.

Further, in support of the recommended modification, this officer notes that since his release on supervision on 11/25/2005, the offender immediately returned to illicit drug use and this recent violation represents his second admission of drug use within 4 months. Given the offender's current situation and his history of substance abuse, the recommended modification will allow this officer to address the offender's risk to the community and his continued rehabilitation efforts.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modification and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/24/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

3/28/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

#### Waiver of Hearing to Modify Conditions
#### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.

[ ✓ ]    To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
RODDY M. TANAKA
Supervised Releasee

3/17/06
Date

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AO 245D    (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

RECEIVED

# United States District Court

## District of Hawaii

'07 JAN 30 P1:25

JAN 2 2 2007

at ___ o'clock and 35 min P M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

**RODDY MASAO TANAKA, aka "Rodney
Masao Tanaka"**

(Defendant's Name)

U.S. PROBATION OFFICE
HONOLULU, HAWAII

### JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)

Criminal Number:    <u>1:03CR00098-001</u>
USM Number:    89179-022

Donna Gray AFPD
Defendant's Attorney

## THE DEFENDANT:

[✔]    admitted guilt to violation of conditions    <u>General Condition: 18 USC 3583(g)(4); Special Condition No. 1;</u>
        <u>18 USC 3583(g)(3); and Special Condition No. 4</u>    of the term of supervision.

[ ]    was found in violation of condition(s) _____ after denial or guilt.

| <u>Violation Number</u> | <u>Nature of Violation</u> | <u>Date Violation Occurred</u> |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:    <u>6350</u>

Defendant's Residence Address:
**Waianae, Hawaii 96792**

Defendant's Mailing Address:
**Waianae, Hawaii 96792**

JANUARY 17, 2007
Date of Imposition of Sentence

Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

JAN 2 2 2007

Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER:        1:03CR00098-001                                    Judgment - Page 2 of 7
DEFENDANT:          RODDY MASAO TANAKA, aka "Rodney Masao Tanaka"

**ADDITIONAL VIOLATION**

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject's urine specimen submitted tested positive for methamphetamine | 11/28/05 |
|  | Subject's urine specimen submitted tested positive for methamphetamine and amphetamine | 2/19/06 6/6/06 and 9/12/06 |
| 2 | Subject refused to submit to drug testing | 3/31/06 5/2/06 5/15/06 6/2/06 6/29/06 and 8/14/06 |
| 3 | Subject failed to make restitution payments from April 2006 to August 2006 |  |

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
             Sheet 2 - Imprisonment

CASE NUMBER:        1:03CR00098-001                                    Judgment - Page 3 of 7
DEFENDANT:          RODDY MASAO TANAKA, aka "Rodney Masao Tanaka"

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: SIX (6 MONTHS

[✔]     The court makes the following recommendations to the Bureau of Prisons:
        FDC Honolulu.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                        UNITED STATES MARSHAL


                                        By  _____
                                                     Deputy U.S. Marshal

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 3 - Supervised Release
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
CASE NUMBER:     1:03CR00098-001                                    Judgment - Page 4 of 7
DEFENDANT:       RODDY MASAO TANAKA, aka "Rodney Masao Tanaka"

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THIRTY (30) MONTHS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:      1:03CR00098-001                                    Judgment - Page 5 of 7
DEFENDANT:        RODDY MASAO TANAKA, aka "Rodney Masao Tanaka"

## SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant shall participate in and comply with substance abuse treatment which includes
    drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain
    from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search
    conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based
    upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.
    Failure to submit to a search may be grounds for revocation. The defendant shall warn any other
    resident that the premises may be subject to search pursuant to this condition.

3.  That the defendant execute all financial disclosure forms, and provide the Probation Office and the
    Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial
    information to include submitting to periodic debtor's examinations as directed by the Probation
    Office.

4.  That the defendant shall submit to an automatic payroll deduction plan through his
    employer for purposes of paying his outstanding monetary assessment and/or restitution.

5.  That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200.00 to American
    Savings Bank immediately, and any remaining balance on an installment basis at a rate of not less
    than 10 percent of his monthly gross income as directed by the Probation Office. Interest, if
    applicable in this case, is waived while the defendant is serving his term of imprisonment and shall
    commence to accrue on any remaining balance upon his release on supervision.

ACKNOWLEDGMENT OF CONDITIONS
I have read or have had read to me the conditions of
supervision set forth in this judgment and I fully understand
them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or
supervised release, the Court may (1) revoke supervision,
(2) extend the term of supervision, and/or (3) modify the
conditions of supervision.

Defendant _____    Date 6/15/07

United States Probation Officer _____    Date

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:    1:03CR00098-001                                          Judgment - Page 6 of 7
DEFENDANT:    RODDY MASAO TANAKA, aka "Rodney Masao Tanaka"

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ | $ | $ 6,351.02 |

[ ]    The determination of restitution is deferred until        . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank of Hawaii<br>c/o Corporate Security Department<br>111 S. King Street, Suite 1620<br>Honolulu, Hawaii 96846 |  | $151.02 |  |
| American Savings Bank<br>P.O. Box 2300<br>Honolulu, Hawaii 96804-2300<br>Attn: LGL |  | $6,200.00 |  |
| **TOTALS** | $ _ | $ 6,351.02 |  |

[ ]    Restitution amount ordered pursuant to plea agreement    $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]    the interest requirement is waived for the        [ ] fine        [ ] restitution

[✔]    the interest requirement for the    [ ] fine        [ ] restitution is modified as follows:

Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 6 - Schedule of Payments

| CASE NUMBER: | 1:03CR00098-001 | Judgment - Page 7 of 7 |
| DEFENDANT: | RODDY MASAO TANAKA, aka "Rodney Masao Tanaka" | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]    not later than _ , or
            [ ]    in accordance    [ ] C,    [ ] D,    [ ] E, or [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:
            That the defendant pay restitution of $151.02 to Bank of Hawaii and $6,200.00 to American Savings Bank immediately, and any remaining balance on an installment basis at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.